UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID ROSS HOLMQUIST,

    Plaintiff,

v.                                        Case No. 3:22cv23310-LC-HTC

ESCAMBIA COUNTY JAIL,
ESCAMBIA COUNTY CORRECTIONS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Escambia County Jail proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 on or about November 15, 2022, complaining about the conditions of confinement at the Jail. ECF Doc. 1. The complaint failed to contain the signature page, and Plaintiff failed to pay the fee or file a complete application to proceed *in forma pauperis*. Therefore, on December 5, 2022, Plaintiff was ordered to pay the full filing fee or file a motion to proceed *in forma pauperis* within 21 days, and also to file an amended complaint on the Court's required form. ECF Doc. 4. Plaintiff was advised his failure to comply could result in a recommendation that this action be dismissed. *Id*. Nonetheless, Plaintiff failed to respond to the December 5 Order, so the Court issued an order on January 5, 2023,

giving Plaintiff fourteen (14) days to comply with the December 5 order or show cause why he could not. ECF Doc. 5. Plaintiff has failed to respond to that order or to otherwise communicate with the Court since filing the complaint in the middle of November.

The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute as Plaintiff has not filed anything with the Court in over two (2) months. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute the claim, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee*

*Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with a Court order.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 25th day of January, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.